UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>            Plaintiff,<br><br>     v.<br><br>ROBERT ST. ANDRE, et al.,<br><br>            Defendant. | No.  2:25-cv-2036-TLN-CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff Raghvendra Singh initiated this action on July 22, 2025, with a pro se complaint and a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) This matter is referred to the undersigned magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff's declaration in support of the application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915 and is granted.

     Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). For the following reasons, the undersigned recommends plaintiff's complaint be dismissed as frivolous and without merit.

1

The named defendants are Robert St. Andre, alleged to be Warden of High Desert State Prison, Emmanual Garcia, alleged to be a guard at Kern Valley State Prison, and Christian Pfeiffer, alleged to be the Warden of Kern Valley State prison. (ECF No. 1 at 2-3.) Plaintiff seeks relief related to events that occurred in 2021 and 2022 when plaintiff was at M yard of Kern Valley State Prison and in 2023 and 2024 when plaintiff was at M yard of High Desert State Prison. (Id. at 4.) Plaintiff alleges he suffered dangerous and illegal prison conditions and alleges vaguely without specific details that he was repeatedly misused and beaten (Id. at 5-6.) In addition, plaintiff states non-gang inmates and/or disabled inmates should have been kept away from other inmates; plaintiff was never paid for the work he did; in 2021 and 2022 Officer Garcia harassed and misused plaintiff; and from 2021 through 2024 plaintiff was denied library, copying, religious books, religious food, religious visits, and disability accommodation. (Id. at 5.) Doctors in prison also refused to treat plaintiff's health problems. (Id. at 6.)

This is not the first action plaintiff has initiated against defendants St. Andre, Garcia, and Pfeiffer related to plaintiff's prior incarceration. See Singh v. St. Andre, No. 2:24-CV-3149-DC-JDP (PS), 2025 WL 83029, at *1 (E.D. Cal. Jan. 13, 2025), report and recommendation adopted, No. 2:24-CV-03149-DC-JDP (PS), 2025 WL 392099 (E.D. Cal. Feb. 4, 2025) ("Plaintiff, a former state prisoner, brings this action against wardens Robert St. Andre and Christian Pfeiffer, and officer Garcia, alleging a host of broad inadequacies throughout the California prison system….") ("prior case"); see also id. at 2 (noting plaintiff had filed several complaints with similarly vague and conclusory allegations that were dismissed for either failure to state a claim or lack of subject matter jurisdiction). In recommending that the prior case be dismissed, the assigned magistrate judge informed plaintiff that his scramble of unrelated allegations lacked the necessary specificity to state any discrete claims, and found it appeared plaintiff had no intention of litigating discrete instances of misconduct or unlawfulness in any event. Id. at 2.

Thus, plaintiff was already informed in the prior case that his vague allegations fail to state a claim against defendants St. Andre, Garcia, and Pfeiffer. Despite being so informed, plaintiff has repeated substantially the same or very similar allegations in this newly filed case against the same defendants. The instant action merely repeats pending or previously litigated

claims and should be dismissed as frivolous under the authority of 28 U.S.C. § 1915(e). See <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Leave to amend should be denied. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

For the reasons set forth above, IT IS ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

In addition, IT IS RECOMMENDED as follows:

1. This action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, singh25cv2036.scrn.fr

3